IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LAMONICA APPLEWHITE | | PLAINTIFF |
| VS. | NO. _____ | |
| FIDELITY NATIONAL INSURANCE COMPANY | | DEFENDANT |

## COMPLAINT

Comes now the Plaintiff, Lamonica Applewhite (hereinafter "Applewhite") by and through her attorneys, Fogleman, Rogers & Coe, and for her Complaint, states as follows:

### PARTIES AND JURISDICTION

1. Applewhite is an individual and resident of Shelby County, Tennessee.

2. Defendant Fidelity National Insurance Company (hereinafter "Fidelity") is a foreign corporation authorized to do business in the State of Tennessee and is doing business in Shelby County, Tennessee.

3. All events complained of in this lawsuit occurred in Shelby County, Tennessee.

4. Jurisdiction properly lies in this Court based upon the type and amount of relief sought, and this Court has jurisdiction over the parties and subject matter of this action. Venue properly lies in this Court based on the location of the loss and the facts giving rise to this lawsuit.

5. Plaintiff seeks damages from Fidelity's breach of an insurance contract issued by Fidelity to Applewhite covering plaintiff's residence located at 4991 Tradewind Terrace,

Memphis, Tennessee. A copy of the declarations page and insurance policy is attached hereto as Exhibit "A," and incorporated herein by reference.

6. Plaintiff seeks damages, treble damages, and attorneys fees for Fidelity's violation of the Tennessee Consumer Protection Ave, §§ T.C.A. 47-18-101 et. al.

## FACTS

7. At all times relevant herein, Applewhite owned and resided in a home located at 4991 Tradewind Terrace, Memphis, Tennessee.

8. At all times relevant herein, the home was covered by a policy of insurance issued by Fidelity, Policy Number ND7001015. The policy provided coverage for the dwelling in the amount of $126,000.00 and coverage for personal property in the dwelling in the amount of $40,000.00. The policy further provided, among other things, coverage for other structures in the amount of $12,600.00, and $25,000.00 for Fair Rental Value / Additional Living Expense.

9. That on or about June 27, 2009, the referenced property was seriously damaged by fire. The cost to repair and replace the residence after said damages was approximately $52,996.65. The loss of personal property from the fire loss at actual cash value exceeded the policy limits of $40,000.00.

10. Applewhite was covered by the referenced policy of insurance and made a claim for coverage under said policy for the loss pursuant to the contract. However, Fidelity refused to cover all of the referenced losses or to provide benefits under the policy of insurance, therefore breaching the insurance contract. Applewhite has, at all times, fully cooperated with Fidelity in regard to the investigation of the fire and the losses.

## COUNT I – BREACH OF CONTRACT

11. Plaintiff hereby incorporates paragraphs 1 through 11 herein by reference.

12. The policy of insurance formed a contract by and between the parties.

13. Pursuant to the terms of the contract, when Applewhite suffered a loss in the form of damages to her home, property, buildings, and structures, Fidelity agreed to indemnify and pay such loss and pay for damages, cost to repair and replace, and actual cash value of personal property, amongst other losses, in return for the payment of Applewhite's premiums.

14. By failing and refusing to cover the losses and to pay for the referenced damages and repairs, Fidelity is in breach of the contract between the parties.

15. Said contract also required Fidelity to pay to the mortgagee in whole or in part, the principal of the mortgage. Fidelity neglected and refused to pay said mortgagee and therefore breached the contract of insurance, resulting in the foreclosure of plaintiff's home.

16. Applewhite is entitled to the relief sought in the Prayer for Relief.

## COUNT II – VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

17. Plaintiff hereby incorporates paragraphs 1 through 16 herein by reference.

18. The Tennessee Consumer Protection Act, §§ T.C.A. 47-18-101 et. al., was at all times applicable to the interaction of the parties herein.

19. The insurance contract entered into by plaintiff and defendant expressly required Fidelity to pay to the mortgagee, in whole or in part, the principal of the mortgage, regardless of whether it denied coverage to the plaintiff. Fidelity neglected and refused to pay said mortgagee pursuant to the contract and therefore breached the contract, resulting in the foreclosure of plaintiff's home.

20. Defendant's action is providing binding terms in the insurance contract to pay the mortgage, regardless of whether it accepted or denied coverage to plaintiff for the loss, and its action in refusing to pay said mortgage debt, in whole or in part, as provided for in the contract

between plaintiff and defendant, is deceptive in regard to the terms of the contract, a violation of the terms of the contract, and is otherwise unfair, and therefore is a violation of the Tennessee Consumer Protection Act, §§ T.C.A. 47-18-101 et. al.

21. Due to defendant not paying the mortgage pursuant to the insurance contract, plaintiff's home was foreclosed by the mortgagee and sold at a mortgage sale, forever closing any possibility of her retaining her home.

22. Due to the defendant no paying the mortgage pursuant to the insurance contract, plaintiff has in effect lost her home and should be compensated for her actual damages caused by the prohibited action(s) of the defendant in violation of the insurance contract and Tennessee Consumer Protection Act, §§ T.C.A. 47-18-101 et. al., plus treble damages and attorney's fees as specifically requested in the Prayer for Relief.

## **PRAYER FOR RELIEF**

23. As a direct and proximate result of Defendant's breach of the insurance contract and other actions, plaintiff requests and demands the following damages:

(a) Compensatory damages in the following amounts:

(1) the cost to repair and replace the home in the amount of $52,996.65;

(2) the replacement cost of all of Applewhite's personal property equal to the policy limit of $40,000.00;

(3) the loss of use of her home and all other buildings and structures;

(4) the additional living expenses she has incurred;

(5) Loss of the property at issue pursuant to the defendant's violation of the Tennessee Consumer Protection Act, §§ T.C.A. 47-18-101 et. al., in the amount of

$126,000.00, which upon information and belief of the plaintiff is the fair market value of the home.

    (b)    Treble damages and attorneys fees provided under the Tennessee Consumer Protection Act, §§ T.C.A. 47-18-101 et. al..

24. For any and all other relief for which plaintiff may how herself entitled.

25. Plaintiff reserves the right to amend all pleadings liberally as provided under the applicable rules of civil procedure.

26. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff requests that she be granted the relief sought herein, for her attorney's fees and costs, and for any and all other just and proper relief to which she may be entitled.

    Respectfully submitted,
    Lamonica Applewhite, plaintiff

    By Her Attorneys,
    Fogleman, Rogers & Coe
    /s/ J. Matthew Coe
        Joe M. Rogers (#015311)
        J. Matthew Coe (#024947)
        P.O. Box 1666
        West Memphis, AR 72303
        870-735-1900 (ph)
        870-735-1662 (fx)